UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------------x

MARCO CARRION,

                              Plaintiff,

          -against-

THE CITY OF NEW YORK; COMMISSIONER
RAYMOND KELLY, SUPERVISOR POLICE OFFICER
JOHN DOE #1; P.O. ANTHONY RICCI, Shield #09586;
and POLICE OFFICER JOHN DOES #1-10, the individual
defendants sued individually and in their official capacities,

                              Defendants.

------------------------------------------------------------------------X

**ANSWER**

**08-CV-2175(MGC)**

**JURY TRIAL DEMANDED**

        Defendants, City of New York, Raymond Kelly and Police Officer Anthony Ricci, by their attorney Michael A. Cardozo, Corporation Counsel of the City of New York, for their answer to the Complaint, respectfully allege, upon information and belief, as follows:

        1.     Deny the allegations set forth in paragraph "1" of the Complaint, except admit that plaintiff purports to proceed as set forth therein.

        2.     Deny the allegations set forth in paragraph "2" of the Complaint, except admit that plaintiff purports to invoke jurisdiction as stated therein.

        3.     Deny the allegations set forth in paragraph "3" of the Complaint, except admit that plaintiff purports to invoke the jurisdiction of this Court as set forth therein. Further, defendants admit that a document which purports to be a notice of claim was received by the Office of the Comptroller, and further admit that this claim was not adjusted or settled by defendant City.

4. Deny the allegations set forth in paragraph "4" of the Complaint, except admit that plaintiff purports to base venue as stated therein.

5. Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "5" of the Complaint.

6. Deny the allegations set forth in paragraph "6" of the Complaint, except admit that the City of New York is a municipal corporation.

7. Deny the allegations set forth in paragraph "7" of the Complaint, except admit that Raymond Kelly is the Commissioner of the New York City Police Department.

8. Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "8" of the Complaint as it pertains to an unidentified individual.

9. Deny the allegations set forth in paragraph "9" of the Complaint, except admit that Anthony Ricci is employed as a Police Officer by the City of New York in the New York City Police Department.

10. Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "10" of the Complaint as it pertains to an unidentified individual.

11. Deny the allegations set forth in paragraph "11" of the Complaint, except deny knowledge or information sufficient to form a belief as to the truth of the allegations set as it pertains to an unidentified individual defendants.

12. Paragraph "12" of the Complaint does contain certain factual averments to which a response is not required.

13. Deny the allegations set forth in paragraph "13" of the Complaint.

14. Deny the allegations set forth in paragraph "14" of the Complaint.

15. Deny the allegations set forth in paragraph "15" of the Complaint, except admit that plaintiff was not free to walk away or leave the scene.

16. Deny the allegations set forth in paragraph "16" of the Complaint.

17. Deny the allegations set forth in paragraph "17" of the Complaint.

18. Deny the allegations set forth in paragraph "18" of the Complaint.

19. Deny the allegations set forth in paragraph "19" of the Complaint.

20. Deny the allegations set forth in paragraph "20" of the Complaint, except admit that plaintiff was transported to Central Booking.

21. Deny the allegations set forth in paragraph "21" of the Complaint.

22. Deny the allegations set forth in paragraph "22" of the Complaint.

23. Deny the allegations set forth in paragraph "23" of the Complaint.

24. Deny the allegations set forth in paragraph "24" of the Complaint.

25. Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "25" of the Complaint.

26. Deny the allegations set forth in paragraph "26" of the Complaint.

27. Deny the allegations set forth in paragraph "27" of the Complaint.

28. Deny the allegations set forth in paragraph "28" of the Complaint.

29. Deny the allegations set forth in paragraph "29" of the Complaint.

30. Deny the allegations set forth in paragraph "30" of the Complaint.

31. Deny the allegations set forth in paragraph "31" of the Complaint.

32. Deny the allegations set forth in paragraph "32" of the Complaint.

33. In response to the allegations set forth in paragraph "33" of the Complaint, defendants repeat and reallege their responses to paragraphs "1" through "32" of the First Amended Complaint, inclusive of this answer, as if fully set forth herein.

34. Deny the allegations set forth in paragraph "34" of the Complaint.

35. Deny the allegations set forth in paragraph "35" of the Complaint.

36. Deny the allegations set forth in paragraph "36" of the Complaint.

37. Deny the allegations set forth in paragraph "37" of the Complaint.

38. Deny the allegations set forth in paragraph "38" of the Complaint.

39. In response to the allegations set forth in paragraph "39" of the Complaint, defendants repeat and reallege their responses to paragraphs "1" through "38" of the Complaint, inclusive of this answer, as if fully set forth herein.

40. Deny the allegations set forth in paragraph "40" of the Complaint.

41. Deny the allegations set forth in paragraph "41" of the Complaint.

42. Deny the allegations set forth in paragraph "42" of the Complaint.

43. Deny the allegations set forth in paragraph "43" of the Complaint.

44. Deny the allegations set forth in paragraph "44" of the Complaint.

45. Deny the allegations set forth in paragraph "45" of the Complaint.

46. In response to the allegations set forth in paragraph "46" of the Complaint, defendants repeat and reallege their responses to paragraphs "1" through "45" of the Complaint, inclusive of this answer, as if fully set forth herein.

47. Deny the allegations set forth in paragraph "47" of the Complaint.

48. Deny the allegations set forth in paragraph "48" of the Complaint.

49. Deny the allegations set forth in paragraph "49" of the Complaint.

50. Deny the allegations set forth in paragraph "50" of the Complaint.

51. Deny the allegations set forth in paragraph "51" of the Complaint.

52. Deny the allegations set forth in paragraph "52" of the Complaint.

**AS AND FOR A FIRST AFFIRMATIVE DEFENSE:**

53. The Complaint fails to state a claim upon which relief can be granted.

**AS AND FOR A SECOND AFFIRMATIVE DEFENSE:**

54. Defendants have not violated any rights, privileges or immunities under the Constitution or laws of the United States or the State of New York or any political subdivision thereof.

**AS AND FOR A THIRD AFFIRMATIVE DEFENSE:**

55. At all times relevant to the acts alleged in the Complaint, the duties and functions of the municipal defendant's officials entailed the reasonable exercise of proper and lawful discretion. Therefore, defendant City of New York has governmental immunity from liability.

**AS AND FOR A FOURTH AFFIRMATIVE DEFENSE:**

56. Any injury alleged to have been sustained resulted from plaintiff's own culpable or negligent conduct and was not the proximate result of any act of defendants.

**AS AND FOR A FIFTH AFFIRMATIVE DEFENSE:**

57. There was probable cause for plaintiff's arrest, detention and prosecution.

**AS AND FOR A SIXTH AFFIRMATIVE DEFENSE:**

58. Punitive damages are not recoverable against defendant City of New York.

- 6 -

### AS AND FOR A SEVENTH AFFIRMATIVE DEFENSE:

59. At all times relevant to the acts alleged in the Complaint, defendants acted reasonably in the proper and lawful exercise of his discretion.

### AS AND FOR AN EIGHTH AFFIRMATIVE DEFENSE:

60. Defendant Kelly had no personal involvement in the events alleged herein.

### AS AND FOR A NINTH AFFIRMATIVE DEFENSE:

61. Plaintiff provoked any incident.

### AS AND FOR A TENTH AFFIRMATIVE DEFENSE:

62. The individual defendants have not violated any clearly established

### AS AND FOR AN ELEVENTH AFFIRMATIVE DEFENSE:

63. Plaintiff may have failed to comply with the conditions precedent to suit.

constitutional or statutory right of which a reasonable person would have known and therefore are protected by qualified immunity.

**WHEREFORE**, defendants request judgment dismissing the Complaint in its entirety, together with the costs and disbursements of this action, and such other and further relief as the Court may deem just and proper.

Dated:     New York, New York
           May 23, 2007

                                        MICHAEL A. CARDOZO
                                        Corporation Counsel of the
                                        City of New York
                                        Attorney for Defendants
                                        100 Church Street
                                        New York, New York 10007
                                        (212) 442-0832


                                        By:    /s/
                                               Hugh A. Zuber (HZ 4935)
                                               Assistant Corporation Counsel



To:    Michael Hueston, Esq.
       350 Fifth Avenue Suite 4810
       New York, New York 10118